UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA      :
                              :
     v.                       :     CR 95-75-04 S
                              :
GEORGE PERRY                  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant's Motion for Payment Schedule ("Motion") (Docket ("Dkt.") #1136) which has been filed *pro se* by Defendant George Perry ("Defendant" or "Perry"). Because the Motion appears to seek either: (1) to alter the Judgment (Dkt. #849) entered in 1997 by U.S. District (now Chief) Judge Mary M. Lisi or (2) to have Judge Lisi establish a payment schedule, it is addressed by way of this Report and Recommendation. See Chase Manhattan Bank N.A. v. Stapleton, Civil No. 1993-29, 2008 WL 2235336, at *2 (D.V.I. 2008)("the magistrate judge lacks the authority to set aside prior decisions of a district judge"); Earl v. Turnbull, No. A02-0224 CV (HRH), 2005 WL 3178164, at *1 (D. Alaska 2005)("The magistrate judge lacks authority to reconsider the district judge's order."); Taylor v. Nat'l Grp. of Cos., Inc., 765 F.Supp. at 413 ("It is simply not the case that a magistrate's jurisdiction is, by fiat, somehow merged with that of the district court to an extent sufficient to vest the magistrate with the

authority to reconsider and set aside or alter prior decisions of the district judge."); cf. Scott v. United States, No. 03-80815, 2011 WL 1044240, at *1 (E.D. Mich. Mar. 23, 2011)(adopting magistrate judge's report and recommendation and denying petitioner's motion to vacate, set aside, or amend his sentence); White v. United States, No. 2:10-CV-111, 2011 WL 913246, at *8 (N.D. Tex. Feb. 24, 2011)(recommending that prisoner's petition to correct sentence be denied).

**I. Background**

In 1997, after a lengthy jury trial which resulted in Defendant being found guilty of multiple felonies, Defendant was sentenced to concurrent life sentences for the offenses of: racketeering, 18 U.S.C. § 1962(c); conspiracy to commit racketeering, id. § 1962(d); violent crime in aid of racketeering (including two murders), id. § 1959(a)(1); and car jacking, id. § 2119(3). See Judgment at 1-3. He was sentenced to ten years imprisonment (concurrent with the life sentences) for two additional counts of violent crime in aid of racketeering. See id. at 2-3. For two counts of using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), Defendant received sentences of life imprisonment which were consecutive to each other and consecutive to the life sentences imposed for the earlier counts. See Judgment at 2-3.

Pertinent to the instant Motion, the Court ordered Defendant

2

to make restitution to the families of the murder victims in the total amount of $274,090.00.  See id. at 5.  The Judgment reflects that payment of the restitution was due "in full immediately ...," id. at 6, and further reflects that payment of the restitution "shall be due during the period of imprisonment," id.  The Court waived imposition of a fine "because of inability to pay."  Id. at 7.

**II. Discussion**

By the Motion, Defendant seeks to have the Court enter an order setting a payment schedule as to the restitution order contained in the October 2, 1997, Judgment.  See Motion at 5.  Specifically, Defendant requests "that the Court set a reasonable schedule of payments such as the partial payment by Defendant of $25 every 90 days."[1]  Id. at 2.  Defendant appears to make three arguments in support of the Motion.

    **A.  18 U.S.C. § 3664(k)**

Defendant initially indicates that he is notifying the Court and the Attorney General pursuant to 18 U.S.C. § 3664(k)[2] that he

---

[1] The prayer for relief contains an apparent typographical error as it states that Defendant seeks an order setting a payment schedule "in the amount of $5 every 90 days until such time the restitution is satisfied."  Motion at 5.

[2] 18 U.S.C. § 3664(k) states:

(k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court may also accept notification of a material change in the

3

"is unable to meet restitution in full or the Federal Bureau of Prisons' demands for arbitrary set amounts of partial periodic payments and is therefore respectfully requesting that the Court set a reasonable schedule of payments such as the partial payment by Defendant of $25 every 90 days." Motion at 2. The prerequisite for any action pursuant to § 3664(k) is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

At the sentencing, Judge Lisi determined that Defendant "does not presently have the finances to begin even making any restitution to either of those families ...." Sentencing Transcript ("Tr.") at 46. Thus, to the extent that Defendant claims that his present inability to make restitution in full is a material change in his economic circumstances, such contention is rejected because this condition existed at the time of sentencing, and Judge Lisi was aware of it as demonstrated by the transcript.

To the extent that Defendant may be indicating that he now has the ability to make $25 payments every ninety days, this could be

---

> defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

4

a material change in his economic circumstances as it appears he did not have this ability when he was sentenced. See id. However, Defendant has provided no information about his present income and assets which would enable the Court to determine whether the amount of payment he requests is reasonable.

Moreover, § 3664(k) requires that the Attorney General certify to the Court that the victim or victims owed restitution have been notified of the change in circumstances. See 28 U.S.C. § 3664(k). Defendant has not provided sufficient information about his economic circumstances to enable the Attorney General to perform this statutory requirement. Simply notifying the victims that Defendant has requested that he be allowed to pay $25 every 90 days towards the amount owed for restitution would not, in the view of this Magistrate Judge, be sufficient. The victims, like the Court, would almost certainly want to know:

> (1) what percentage of Defendant's total quarterly income is represented by the proposed quarterly payments of $25, and
>
> (2) what Defendant's total quarterly income would be if he availed himself of every employment opportunity available within the Bureau of Prisons ("BOP") and exerted himself to the maximum degree possible.

The victims (as well as the Court) also would likely want further information about the BOP's alleged demands for "arbitrary set amounts of partial periodic payments ...." Motion at 2.

5

Specifically, both the victims and the Court would want to know why the BOP believes that Defendant has the ability to make such payments.[3]

In sum, Defendant has not supplied sufficient information about the change in his economic circumstances to enable the Court and the Attorney General to take action pursuant to § 3664(k). Accordingly, to the extent that the Motion seeks to have the Court order the requested payment schedule pursuant to § 3664(k), I recommend that the Motion be denied without prejudice and that Defendant be allowed to re-file it, supported by a sworn affidavit which details his income and assets and which would enable the Court to determine the information labeled as (1) and (2) in the preceding paragraph. The affidavit should also explain what "demands for arbitrary set amounts of partial periodic payments ...," Motion at 2, have been made on Defendant by the BOP and why those demands are unreasonable.

**B. Unlawful Delegation**

Defendant next appears to argue that the Court has unlawfully delegated the preparation of a payment schedule to the BOP. See Motion at 3 ("The Court is well aware that Defendant cannot

---

[3] While Defendant may not be able to explain fully the BOP's rationale (as his ability to do so depends on the BOP having explained its rationale to Defendant), presumably he knows the amount of the "partial periodic payments ...," Motion at 2, which the BOP has demanded and can at least provide that figure. It is also possible (if not probable) that the BOP has provided Defendant with some explanation of how it determined the amount of the "partial periodic payments ...," id., which it has demanded he make.

6

immediately pay the full amount of restitution ordered. Thus, this Court essentially delegated the preparation of a payment schedule to the [BOP]."). Defendant notes that although there is a split among the circuits as to whether such delegation is lawful, a majority forbid it. See id.; see also Ward v. Chavez, No. 09-17016, ___ F.3d ___, 2012 WL 1592171, at *6 (9th Cir. May 8, 2012)("the majority of our sister circuits to have considered the issue have concluded that where the defendant lacks the financial resources to make immediate payment, a sentencing court may not order immediate payment because it implicitly delegates to the BOP or the probation office the district court's obligation to schedule payment") (citing, among other cases, United States v. Corley, 500 F.3d 210, 225-27 (3rd Cir. 2007), vacated and remanded on other grounds by 556 U.S. 303, 129 S.Ct. 1558 (2009); United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Kinlock, 174 F.3d 297, 301 (2nd Cir. 1999)). The First Circuit held that a district judge cannot empower the probation officer to make a final decision as to the installment schedule for payments of a fine. United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999).

Defendant, however, is barred from raising this argument in the instant Motion since this claim could have been raised on his direct appeal, but it was not. See Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037 (1976); Marshall v. Hendricks, 307 F.3d 36,

81 n.33 (3rd Cir. 2002)("The premise that nonconstitutional claims are waived if not raised on direct appeal is, of course, unremarkable and well settled law."); Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994)("A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack ... absent exceptional circumstances.")(citing Stone); see also id. at 773 (finding claim that district court abused its discretion in imposing a $15,000 fine notwithstanding defendant's inability to pay to be an "ordinary error[] that could and should have been raised by [defendant] on direct appeal. And even assuming the error was committed, the error would not amount to a 'complete miscarriage of justice.'")(footnote omitted); Lucas v. United States, No. 1:00CV00848, 1:99CR233-2, 2001 WL 34545873, at *3 (M.D.N.C. Apr. 26, 2001)("Any non-constitutional claims as to sentencing errors were waved by failing to raise them on appeal where petitioner would have had the opportunity to raise the issues.").

Accordingly, to the extent that the Motion attempts to raise a claim that Judge Lisi unlawfully delegated to the BOP the preparation of a payment schedule, such argument should be rejected because Defendant failed to raise it in his direct appeal, see United States v. Lara, 181 F.3d 183, 191-200 (1st Cir. 1999)(discussing issues raised on appeal by Perry), and it is therefore waived.

8

## C. Consideration of 3664(f)(2) Factors

Lastly, Defendant asserts that the Court "never considered the factors set forth in Section 3664(f)(2)[4] when it entered the restitution order at issue." Motion at 3. Like the preceding argument, this claim is barred because Defendant could have raised it on direct appeal, but he did not.

Moreover, the Court considered Defendant's economic circumstances at sentencing as the Government persuasively argues in its memorandum. See Government's Response to Defendant's Motion for Payment Schedule (Dkt. #1138) ("Response") at 3-5. The Presentence Investigation Report ("PSI") included Defendant's Personal Financial Statement ("PFS") and Defendant's declaration that the PFS:

> fully describes my financial resources, including a complete listing of all assets owned or controlled by me

---

[4] 18 U.S.C. § 3664(f)(2) states:

(2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of--

>  (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
>  (B) projected earnings and other income of the defendant; and
>
>  (C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2).

> as of the date of my arrest. The Personal Financial Statement also includes my financial needs and earning ability and the financial needs and earning ability of my dependants.

Response, Exhibit A at 2 (PSI, Declaration of Defendant Personal Financial Statement). With this information in hand, Judge Lisi waived all fines and interest and imposed only the mandatory special assessment. <u>See</u> Judgment.

Judge Lisi's remarks at sentencing also reflect that she considered the factors set forth in § 3664(f). Judge Lisi stated in part:

> I impose no fine. I have reviewed the financial information provided by this Defendant as well as the submissions of the Vandergroen family and the Mendez family. And although I acknowledge that this Defendant does not presently have the finances to begin even making any restitution to either of these families, it is my intention by imposing restitution that any money he comes into, whether it's a nickel or a million dollars, that a portion of it go to the families of those two young men whose lives he took.

Tr. at 46.

Accordingly, to the extent that Defendant argues Judge Lisi failed to consider the factors identified in § 3664(f)(2), such argument is barred because it could have been raised on direct appeal but was not. In addition, the record demonstrates that Judge Lisi considered these factors.

### III. Conclusion

For the reasons stated above, I recommend that to the extent the Motion seeks to have the Court enter an order setting a payment

schedule pursuant to 18 U.S.C. § 3664(k), the Motion should be denied without prejudice. I further recommend that, to the extent the Motion seeks to argue that the Court unlawfully delegated the preparation of a payment schedule to the BOP and that the Court failed to consider the factors set forth in Section 3664(f)(2), such arguments should be rejected as they have been waived and, as to the latter argument, the record contradicts Defendant's claim.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
May 16, 2012