UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cr. No. 95-075-M-PAS |
| | ) | |
| GEORGE PERRY | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

George Perry has petitioned this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his judgment of conviction, entered after a jury found him guilty of racketeering and related offenses from over 20 years ago. He claims that he is entitled to a new trial based on newly discovered evidence of witness collusion and government misconduct. Mr. Perry has also filed a motion to amend his § 2255 motion. The Court finds that Mr. Perry's Motion to Vacate is untimely and thus DENIES and DISMISSES his petition. The Motion to Amend is DENIED.

## FACTS

Following a two-year investigation, on September 21, 1995, a federal grand jury sitting in the District of Rhode Island indicted Mr. Perry and others on charges of violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), conspiracy to commit racketeering, two counts of violent crime (murder) in aid of racketeering, two counts of conspiracy to commit murder, carjacking, and two counts of use of a firearm during and in relation to a crime of violence, based on their

involvement in the Providence chapter of the Almighty Latin King Nation. A Superseding Indictment followed.

On April 10, 1997, after a lengthy jury trial, Mr. Perry was convicted on all but one count with which he was charged. He was sentenced on September 23, 1997, to, among other penalties, three concurrent and two additional consecutive terms of life imprisonment. Judgment entered on October 2, 2007.

Mr. Perry appealed his convictions, and, in an opinion issued on June 30, 1999, the Court of Appeals affirmed the judgments. *United States v. Lara*, 181 F.3d 183, 190 (1st Cir. 1999). The United States Supreme Court denied further review on January 18, 2000. *Perry v. United States*, 528 U.S. 1127 (2000) (mem.).

## LAW

Section 2255 provides for post-conviction relief only if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose his sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). In attempting to collaterally attack his sentence, the petitioner bears the burden of demonstrating "exceptional circumstances" that warrant redress under § 2255. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26–27 (1st Cir. 1980). For example, an error of law must constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

ANALYSIS

A.  Timeliness

Section 2255 provides that:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Perry's conviction became final on January 18, 2000, when the Supreme Court denied *certiorari*. Therefore, he had until January 18, 2001, to file a motion pursuant to § 2255. Mr. Perry did not file the Motion to Vacate until December 22, 2015. Thus, the Motion to Vacate is clearly untimely pursuant to 28 U.S.C. § 2255(f)(1).

B.  "Newly Discovered Evidence"

Mr. Perry argues that the Motion to Vacate is timely under § 2255(f)(4). ECF No. 1197 at 14. He states: "The is[s]ue raised is based [o]n newly discovered evidence date[d] August 6, 2015 (Exhibit A) and is being submitted with[]in a year of that date. This motion is thus timely under 28 USC 2255(f)(4)." *Id.*

3

According to Mr. Perry:

> Via a declaration (annexed hereto as Exhibit A) executed under penalty of perjury on August 6, 2015 by Markos Pappas ("the Pappas Declaration[")] it is revealed that three important government witnesses in this case (Edwin Ortega, Alex Mesa and Hakim Davis) colluded with one another relative to their testimony at the trial in this matter while the[y] were all housed together in D-Pod at the Donald Wyatt Detention Facility (Wyatt) during the time frame of October 1996 through April/May of 1997. The Pappas Declaration reveals that the collusion took place prior to and during the trial testimony of Ortega, Davis, and [M]esa. See, Exhibit A, Parr. 4-8[.] The Pappas Declaration is newly discovered evidence that warrants full exploration since if it is proven that Ortega, Davis and Mesa colluded with one another relative to their testimony in this case a new trial will be warranted on the basis of, inter alia: (a) the due process and fair trial infringements arising from the collusion of three key witnesses; (b) the government misconduct in facilitating the collusion prior to and during trial by housing Ortega, Mesa, and Davis together; and (c) the government misconduct in not disclosing to the defense that Ortega, Mesa and Davis were housed together prior to and during trial so that the possibility of collusion could have been explored on cross-examination as a basis for impeachment.

*Id.* at 4. Mr. Perry contends that "there is a 'reasonable probability' . . . that Perry would have been acquitted on at least the 18 USC 1959 VCAR[1] murder charge relative to Jose Mendez if his counsel had, at the time of trial, the information revealed by the Pappas Declaration concerning the collusion of Ortega, Mesa and Davis." *Id.* at 5.[2]

---

[1] Violent crimes in aid of racketeering activity. 18 U.S.C. § 1959.

[2] Mr. Perry argues that:

The Pappas Declaration supports the need for an opportunity to fully develop this claim. The legal standard governing discovery in a habeas proceeding is that when "specific allegations before the court show reason to believe that the petitioner may, if the facts were fully developed, be able to demonstrate that he is . . . entitled to relief, it is

4

Mr. Pappas states: "Between September 25, 1996 and June 1997 I was housed in D-Pod at Wyatt and during that time I became very familiar and friendly with Alex Mesa (whom I will refer to as 'Alex'), Hakim Davis (whom I will refer to as 'Black'), and Edwin Ortega (whom I will refer to as 'Edwin')." Pappas Declaration ¶ 3. Mr. Pappas further states that he became aware that the three were co-defendants and that they would have "co-defendant meetings," one of which he overheard. *Id.* ¶ 5. With respect to that meeting, Mr. Pappas recounted that "[m]ost of that discussion was Alex and Edwin coaching Black on what to say and what not to say about a shooting where someone was killed." *Id.*[3]

---

the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

ECF No. 1197 at 6 (alteration in original) (quoting *Bracey v. Gramley*, 520 U.S. 899, 904 (1997)). Because Mr. Perry has not shown reason to believe that he is entitled to relief, no discovery is necessary.

The same is true for Mr. Perry's request for a hearing. A petitioner is not entitled to a hearing in a § 2255 proceeding as a matter of right. *Ramos-Martínez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011); *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) ("Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." (alteration in original) (internal quotation marks and citations omitted)). Mr. Perry has not met his burden to demonstrate that an evidentiary hearing is warranted. Here, the Motion to Vacate is inadequate on its face because Mr. Perry has failed to make the required showing that the Pappas Declaration is newly discovered evidence. *See id.*

[3] Mr. Pappas recounts that: after he was moved to another pod at Wyatt in June of 1997, he learned that Alex, Black and Edwin "had testified for the government against their other co-defendants," Pappas Declaration ¶ 9; in approximately July of 1997 he was moved to FCI Otisville in New York where he "crossed paths with a man I was at Wyatt with at the same time as Alex, Black and

5

In order to demonstrate "newly discovered evidence" in order to bring Mr. Perry's Motion to Vacate within the ambit of § 2255(f)(4), the First Circuit has stated that:

> At a minimum, petitioner would be required to meet the conventional criteria for obtaining a new trial on the ground of newly discovered evidence. Thus, petitioner must show, among other things, that the new evidence is material and is not merely cumulative or *impeaching*. Since it does not bear directly on the defendant's guilt or innocence, impeachment evidence . . . [does] not rise to the level of materiality that would be likely to cause a different result at a new trial.

*Barrett v. United States*, 965 F.2d 1184, 1194-95 (1st Cir. 1992) (alterations in original) (internal citations and quotation marks omitted). A defendant seeking a new trial based on newly discovered evidence must prove four elements: (1) the newly discovered evidence was unknown or unavailable at the time of trial; (2) the defendant was duly diligent in trying to discover it; (3) the evidence was material; and (4) the evidence was such that it would probably result in an acquittal upon retrial. *Awon v. United States*, 308 F.3d 133, 140 (1st Cir. 2002). Mr. Perry has failed to demonstrate any of the four elements.

---

Edwin," *id.* ¶ 10; that this unidentified man "knew or knew of a couple of guys Alex, Black, and Edwin testified against," *id.*, and that "one of their names was 'Animal' and he was the guy who urinated in the courtroom, which we had all heard about when we were at Wyatt but I did not know that guy was one of Edwin, Alex and Black's co-defendants," *id.*; and that he "crossed paths with 'Animal' (whom I now know is George Perry) in the Federal prison system and when I recalled that he was one of Edwin, Alex and Black's co-defendants I told him about the meetings they (Edwin, Alex and Black) had at Wyatt," *id.* ¶ 11. Mr. Perry asked Mr. Pappas to relay the information to Mr. Perry's attorney and gave him counsel's address. *Id.* Significantly, Mr. Pappas does not state when he "crossed paths with" the man with whom he had been at Wyatt, except to say that it was sometime after July, 1997; when he "crossed paths with 'Animal,'" when he learned that Mr. Perry was 'Animal,' or when he contacted Mr. Perry's counsel.

Mr. Perry's trial began in January of 1997 and ended on April 10, 1997. *See* Docket. Therefore, the dates of the trial overlap with the time period covered by the Pappas Declaration. However, the defense was aware that Ortega, Davis, and Mesa were "housed in the same pod at Wyatt," as Mr. Perry acknowledges. ECF No. 1197 at 5. Thus, the fact that the three co-defendants were housed together was not "unknown or unavailable at the time of trial." *Awon*, 308 F.3d at 140.

In addition, assuming that the defense was unaware of the identity of Mr. Pappas and that he had overheard at least one conversation, nothing prevented the defense from investigating potential witnesses. Defense counsel were clearly suspicious that Mr. Perry's co-defendants were "co-ordinat[ing]" their testimony, as evidenced by counsels' cross-examination of them at trial. ECF No. 1197 at 5. It behooved the defense to do more if it felt that collusion was a potential problem. *See Awon*, 308 F.3d at 140 ("A defendant . . . must have been duly diligent in attempting to procure exculpatory evidence prior to trial. Simply because it may not have occurred to Awon and his counsel that Roberto had information regarding the crime that does not mean they were duly diligent on the facts of this case." (internal citations omitted)). The Court cannot find that Mr. Perry acted with due diligence in obtaining the information contained in the Pappas Declaration, which could have been discovered at the time of Mr. Perry's trial had he simply sought it.

Third, as Mr. Perry states, had the defense possessed the information contained in the Pappas Declaration, "the possibility of collusion could have been explored on cross-examination as a basis for impeachment." ECF No. 1197 at 4. The

witnesses all testified and were cross-examined as to whether they had discussed their testimony with each other, "but they emphatically rebuked attempts to imply that they co-ordinated their testimony." *Id.* at 5 (citing transcripts). However, the First Circuit has stated that "impeaching evidence is generally treated as immaterial for purposes of a [motion for new trial]." *Pelegrina v. United States*, 601 F.2d 18, 21 (1st Cir. 1979). Because, at best, the Pappas Declaration could have been used to impeach the witnesses' testimony, it is not material. *See Luciano v. United States*, C.A. No. 06-284-ML, 2007 WL 1656250, at *4 (D.R.I. June 6, 2007) ("Newly discovered impeachment evidence is not a basis for Section 2255 relief.").

Fourth, even if Mr. Perry had proved the preceding three elements, which he has not, he cannot show that the Pappas Declaration "was such that it would probably result in an acquittal upon retrial." *Awon*, 308 F.3d at 140. Mr. Perry argues that there was a "reasonable probability," ECF No. 1197 at 5, that he would have been acquitted on "at least" the murder charge relating to Jose Mendez if counsel had the information contained in the Pappas Declaration at the time of trial, *id.* at 5; *see also id.* at 6 (citing *United States v. Flores-Rivera*, 787 F.3d 1, 20 (1st Cir. 2015)).

Mr. Perry's reliance on *Flores-Rivera* is misplaced. Although factually similar, the legal issue in *Flores-Rivera* was different. There, the government had withheld certain exculpatory information from the defendants, in violation of the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). Two of the defendants contended that the withheld evidence warranted a new trial. *Flores-Rivera*, 787 F.3d

at 15. After reciting the general standard for a motion for new trial based on newly discovered evidence discussed above, the court stated that:

> However, when the basis for the motion is that the government failed to disclose evidence required to be disclosed under *Brady*, either willfully or inadvertently, we apply the more defendant-friendly *Kyles v. Whitley*[4] standard to the test's third and fourth prongs. Instead of requiring that the defendant show that an acquittal would have "probably" resulted had the material been produced, we require only that the defendant show a "reasonable probability" that had the government disclosed the evidence prior to trial, the result of the proceeding would have been different.

*Id.* at 15–16 (internal citations omitted).

Mr. Perry cannot rely on the *Kyles* standard because, as will be discussed *infra*, he has not demonstrated that the government withheld exculpatory information in violation of *Brady*. Moreover, the government states that "other tape recorded and videotaped evidence, forensic evidence and the testimony of other witnesses supported the jury verdict," ECF No. 1206 at 24–25, as does Mr. Perry's own testimony, *see id.* at 25; *see also id.* at 25–29 (summarizing evidence). Mr. Perry has not shown that the Pappas Declaration would "probably" have resulted in a different outcome. *Awon*, 308 F.3d at 140; *see also González-González v. United States*, 258 F.3d 16, 20 (1st Cir. 2001) (citing *United States v. Sepulveda*, 15 F.3d 1216, 1220 (1st Cir. 1993) ("This means an 'actual probability that an acquittal would have resulted if the evidence had been available.'")).

---

[4] 514 U.S. 419, 434 (1995).

Based on the foregoing, Mr. Perry has not demonstrated that the Pappas Declaration constitutes "newly discovered evidence." Therefore, he cannot rely on § 2255(f)(4) to overcome the statute of limitations bar.

C. Alleged Government Misconduct

Mr. Perry states that "[a]dditionally, because the government has suppressed the inf[or]mation at issue in the declaration that is the newly discovered evidence the issue raised herein is also timely under 28 USC [§ 2255](f)(2) . . . ." ECF No. 1197 at 14. He further claims that the government facilitated the collusion prior to and during the trial by housing the three key witnesses together in order to facilitate the collusion. *Id.* at 4.

In *Joost v. United States*, 336 F. Supp. 2d 185 (D.R.I. 2004), the defendant argued that a § 2255 motion filed more than five years after his conviction became final was timely under § 2255(f)(2). *Id.* at 187. The Court noted that the motion would be timely if: (1) the government engaged in action that violated the Constitution or laws of the United States; (2) that action created an impediment to the filing of the motion; and (3) the defendant filed the motion within one year after the impediment was removed. *Id.*

Although Mr. Perry states that he filed the Motion to Vacate within a year of the date of the Pappas Declaration, ECF No. 1197 at 14, he does not indicate when he became aware of the information Mr. Pappas had possessed since 1997.[5] Further, Mr. Perry points to no government action that impeded his filing of the instant Motion

---

[5] *See* n.3.

to Vacate. *See Joost*, 336 F. Supp. 2d at 187 ("Assuming, *arguendo*, that Joost needed those documents in order to file his § 2255 motion, the only 'impediment' to filing the motion would have been any inability on Joost's part to obtain those documents."). The Pappas Declaration contains no indication that Mr. Pappas was impeded in any way from sharing this information with the proper authorities (or, for that matter, with defense counsel). Moreover, Mr. Perry has provided no evidence whatsoever that the government "facilitate[ed] the collusion" by housing the witnesses together. ECF No. 1197 at 4. Nor has he demonstrated that the government "suppressed the inf[or]mation at issue in the declaration . . . ." *Id.* at 14. Mr. Perry cannot claim that the government "committed misconduct in not disclosing to the defense that Ortega, Mesa and Davis were housed together prior and during trial . . . ," *id.* at 4, because, as noted above, the defense was aware that the three men were housed together. Mr. Perry's counsel, as well as other co-defendants' counsel, cross-examined them regarding any conversations they might have had about the case during their detention at Wyatt. *See id.* at 5. Thus, unlike the situation in *Flores-Rivera*, here, there is no proof that the government withheld exculpatory evidence.

Mr. Perry's allegations of government misconduct are nothing more than bald allegations that need not be credited. *See Barrett*, 965 F.3d at 1186 ("Thus, the petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact."). Accordingly, the

Court also rejects Mr. Perry's argument that the Motion to Vacate is timely pursuant to § 2255(f)(2).

C. Motion to Amend

Mr. Perry has also filed a Motion to Amend (ECF No. 1207) the Motion to Vacate based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). He claims that his sentence for his 18 U.S.C. § 922(g) conviction was enhanced by use of the residual clause of 18 U.S.C. § 924(e)(2)(B). The government has filed an objection to the Motion to Amend. ECF No. 1208. Mr. Perry was not, however, charged with violating 18 U.S.C. § 922(g) in the superseding indictment, and thus was not convicted of violating that statute. ECF No. 849. For this reason, the Court finds this argument wholly meritless.

CONCLUSION

Mr. Perry's Motion to Vacate is untimely, and, despite his claims of newly discovered evidence and government misconduct, no exception to the statute of limitations applies. Further, Mr. Perry's Motion to Amend to add a *Johnson* claim is meritless and would not bring the Motion to Vacate within the statute of limitations. Therefore, the Court DENIES AND DISMISSES George Perry's Petition (ECF No. 1197) for habeas relief under 28 U.S.C. § 2255 as time-barred. His Motion to Amend (ECF No. 1207) is also DENIED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case

is not appropriate for the issuance of a certificate of appealability, because Mr. Perry has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Mr. Perry is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. *See* § 2255 Rule 11(a).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

Date: June 5, 2017